# Third District Court of Appeal

## State of Florida

Opinion filed September 17, 2025.
Not final until disposition of timely filed motion for rehearing.

————————

Nos. 3D25-1436 & 3D25-1437[1]
Lower Tribunal No. F06-11426

————————

**Ahmad Milton,**
Appellant,

vs.

**The State of Florida,**
Appellee.


Appeals from the Circuit Court for Miami-Dade County, Richard Hersch, Judge.

Ahmad Milton, in proper person.

James Uthmeier, Attorney General, for appellee.


Before SCALES, C.J., and GORDO and GOODEN, JJ.

GORDO, J.

---

[1] We sua sponte consolidated these appeals for all purposes.

Ahmed Milton ("Milton") appeals the denial of his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. We have jurisdiction. Fla. R. App. P. 9.141(b)(2). In his motion, Milton sought to vacate his conviction and sentence based upon newly-discovered evidence and upon an alleged Brady[2] violation. He further alleged his counsel was ineffective for failing to seek the evidence. Based on the unrefuted record, which shows the subject employment records were not only equally accessible to the defense and the prosecution but known by Milton and his attorney at the time of trial, we find the trial court properly denied the motion, finding the records do not constitute newly-discovered evidence and no Brady violation occurred. Thus, we affirm.[3] See Long v. State, 183 So. 3d 342, 345 (Fla. 2016) ("If a defendant seeks to make a newly discovered evidence claim, he must timely file a postconviction motion based on newly discovered evidence to vacate his judgment and sentence and meet a two-prong test . . . First, the evidence must not have been known by the trial court, the party, or counsel at the time of trial, and it must appear that the defendant or defense counsel could not have known of it by the use of

_____

[2] Brady v. Maryland, 373 U.S. 83 (1963).

[3] In these consolidated appeals, Milton also challenges the denial of his motion for reconsideration of an order denying his motion to compel the so-called "newly discovered Brady material." For the same reasons set forth in this opinion, we find the trial court properly summarily denied this motion.

2

diligence. Second, the newly discovered evidence must be of such nature that it would probably produce an acquittal on retrial.") (citation omitted); Smith v. State, 275 So. 3d 843, 843 (Fla. 1st DCA 2019) ("A Brady claim is cognizable in a postconviction motion."); Maharaj v. State, 778 So. 2d 944, 954 (Fla. 2000) ("[A] Brady claim cannot stand if a defendant knew of the evidence allegedly withheld or had possession of it, simply because the evidence cannot then be found to have been withheld from the defendant." (quoting Occhicone v. State, 768 So. 2d 1037, 1042 (Fla. 2000))); Provenzano v. State, 616 So. 2d 428, 430 (Fla. 1993) ("There is no Brady violation where the information is equally accessible to the defense and the prosecution, or where the defense either had the information or could have obtained it through the exercise of reasonable diligence.").

Affirmed.